119 F.3d 5
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Luis Enrique CARILLO-MARTINEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70777.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997**
Decided July 18, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before: HUG, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Luis Enrique Carillo-Martinez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an immigration judge's ("IJ") order denying his applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction under 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 Because the BIA adopted the decision of the IJ, we review the IJ's decision. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). The IJ's findings are reviewed for substantial evidence, and we will not reverse unless the evidence "was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).
 
 
 4
 To qualify for asylum, an applicant must demonstrate past persecution or a well-founded fear of future persecution on account of the applicant's race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1158(a), 1101(a)(42)(A) (1997); Fisher v. INS, 79 F.3d 955, 961 (9th Cir.1996) (en banc).
 
 
 5
 Carillo-Martinez contends that the IJ's finding that he failed to establish past persecution or a well-founded fear of future persecution on account of an imputed political opinion is not supported by substantial evidence. This contention lacks merit.
 
 
 6
 At the deportation hearing, Carillo-Martinez testified that school friends, who were members of the guerilla group known as the Frente Farabundo Marti para la Liberacion Nationale ("FMLN"), recruited him to join their forces because of his previous experience with weapons in the air force. When Carillo-Martinez refused, his friends threatened to harm him or his family. A few days later, Carillo-Martinez' brother was beaten by FMLN guerillas. In another incident, a gun brandished by one of Carillo-Martinez' friends was fired into the floor between Carillo-Martinez' legs.
 
 
 7
 We conclude that substantial evidence supports the IJ's finding that Carillo-Martinez failed to establish past persecution or a well-founded fear of future persecution. See Elias-Zacarias, 502 U.S. at 481. The incidents testified to by Carillo-Martinez do not rise to the level of severity necessary to establish past persecution or a well-founded fear of future persecution on account of political opinion or any other of the enumerated factors. See Prasad v. INS, 47 F.3d 336, 339 (9th Cir.1995) (finding no past persecution or well-founded fear of future persecution where applicant was arrested, assaulted, and detained for four hours). Furthermore, the evidence indicates that the guerillas threatened Carillo-Martinez not because of any political opinion they imputed to him, but rather because they wanted him to join their political cause. "[T]o be eligible for asylum, the applicant must show the persecution occurred because of his own political opinion, and not because of the political opinions of his persecutor." Sangha v. INS, 103 F.3d 1482, 1486 (9th Cir.1997); see also Elias-Zacarias, 502 U.S. at 482 (finding no persecution on account of political opinion where applicant was threatened by guerillas after resisting their recruitment efforts).
 
 
 8
 Because Carillo-Martinez failed to establish eligibility for asylum, he necessarily failed to meet the higher standard of "clear probability of prosecution" required to qualify for withholding of deportation. See Fisher, 79 F.3d at 961.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3